Vargas v City of New York (2019 NY Slip Op 03916)





Vargas v City of New York


2019 NY Slip Op 03916


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9364 303184/13

[*1]Reyna Martinez Vargas, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Budin, Reisman, Kupferberg & Bernstein, LLP, New York (Gregory C. McMahon of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 19, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its prima facie entitlement to judgment as a matter of law, in this action where plaintiff alleges that she was injured when her bicycle hit a hole in the road, causing her to fall. Defendants submitted evidence showing that it lacked prior written notice of the alleged defect (see Administrative Code of City of NY § 7-201[c][2]; Jones v City of New York, 159 AD3d 571 [1st Dept 2018]).
In opposition, plaintiff failed to raise a triable issue of fact. Her claim that defendant's alleged negligent repair of other defects on the same road raised an issue of fact as to whether it had prior notice of the subject defect is unavailing, since "[t]he awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (Roldan v City of New York, 36 AD3d 484, 484 [1st Dept 2007]). There was also no evidence that an allegedly negligent repair of the road immediately caused the defect that led to plaintiff's injuries, and plaintiff's claim to the contrary is speculative (see Martin v City of New York, 158 AD3d 527 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK